Margaret H. BATALDEN, Appellant,

v.

COUNTY OF GOODHUE, Respondent.

No. 51536.

Supreme Court of Minnesota.

July 24, 1981.

Hollender & Hagberg, Steven V. Hagberg and Mark E. LeMay, Minneapolis, for appellant.

Gary Fridell, County Atty., and Joanne T. Pohl, Asst. County Atty., Red Wing, for respondent.

YETKA, Justice.

Plaintiff Margaret H. Batalden appeals from an order dismissing her complaint in this action to declare the parties' rights under a zoning ordinance. The issue is whether the trial court correctly interpreted the ordinance as applying to an owner of lots rather than to the lots themselves. We conclude that the trial court's ruling is not supported by applicable rules of construction and, therefore, we reverse.

On September 27, 1972, plaintiff and her late husband purchased several lots in an agricultural land use district in Goodhue County. At that time a permitted use of agricultural property was single family nonfarm homes. In March of 1976, however, the zoning ordinances were amended limiting use of agricultural lands for nonfarm dwellings. Such use is now permissible when the land is noncropland, the proposed nonfarm dwelling will be at least 1,000 feet from the nearest dwelling, and the proposed nonfarm dwelling will have at least 100 feet of frontage on an improved road. The amendments also included the following exemption:

> Notwithstanding the provisions of this Ordinance relating to the minimum area, width and spacing of lots and structures,

the owner of record as of April 3, 1974 or his immediate successor in interest, who owns a lot which existed by virtue of a recorded plat or recorded deed as of April 3, 1974, may erect on such lot one dwelling structure provided that such lot and structure meet the following requirements:

a. The lot contains no dwelling structures at the time such building permit application is made,

b. The lot is large enough and so situated as to accomodate a safe septic system,

c. Located on a parcel of land having at least 100 feet of frontage along a road which was built up, improved, graded and dedicated as of April 3, 1974.

An owner of record as of April 3, 1974 or his immediate successor in interest may use this exemption paragraph only once.

In April 1976, plaintiff sold one lot. The buyer immediately applied for a permit to build a nonfarm dwelling on the property. Although the 1,000 foot spacing requirement was not met, the permit was issued pursuant to the exemption.

In March 1979, plaintiff attempted to sell two additional lots. The prospective purchaser wished to construct a nonfarm dwelling on the lots but was advised by the zoning administrator that no building permit could be issued because of noncompliance with the 1,000 foot spacing requirement. The zoning administrator interpreted the ordinance as allowing one exemption per owner rather than one exemption per lot. Plaintiff commenced this suit challenging that interpretation and the district court upheld the county's position.

We recently held that the interpretation of a zoning ordinance is a question of law for the court rather than a legislative policy-making determination reviewable only for arbitrariness. *Frank's Nursery Sales, Inc. v. City of Roseville*, 295 N.W.2d 604 (Minn.1980). We, therefore, must determine whether the trial court correctly interpreted the exemption as applying once to each owner of agricultural property no matter how many lots he owns. The trial court reasoned that since a dwelling is permitted to be erected only on a lot where no dwelling exists, once a dwelling has been built on a lot there is no possibility of using the exemption twice. Therefore, to avoid redundancy the final clause must impose an additional restriction. We do not agree that the ordinance is redundant because the owner may have constructed one dwelling pursuant to the exemption and torn it down or removed it. Under such circumstances the final clause would preclude his constructing a second dwelling. Thus, the trial court's basis for adopting the county's interpretation is inadequate.

Several rules of construction not considered by the trial court persuade us that the trial court's interpretation is erroneous. First, when the ordinance is read as a whole its language, specifically the consistent references to "lot" in the singular and the implicit definition of "owner" as a person "who owns a lot," conveys the plain meaning that each lot is entitled to the exemption once. Second, the county's interpretation that the exemption runs to the owner rather than to the lot leads to absurd and unreasonable results since it creates obvious difficulties in determining the status of the exemption in the single-owner multiple-lot situation. Third, both interpretations further the legislative policy of protecting agricultural lands from urban sprawl and the record does not indicate any difference in degree of effectiveness, *i. e.*, the number of lots compared with the number of owners. Fourth, zoning ordinances, since they are in derogation of the common law, should be strictly construed in favor of the property owner. Based upon these considerations, we conclude that the ordinance should be interpreted to confer one exemption per lot so long as the other specified criteria are met.

Reversed.